IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 7:17-cv-00441-GEC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN MARSTELLER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**UNITED STATES' RESPONSE TO NOTICE REGARDING
SERVICE OF PROCESS**

The United States filed this civil action to collect the penalties assessed against John Marsteller for his failure to report his interest in foreign bank accounts during 2008 through 2011 as required by 31 U.S.C. § 5314. The Court entered a notice that if the United States did not serve the defendant, who resides in Hong Kong, by the 90-day deadline set forth in Fed. R. Civ. P. 4, the case would be dismissed. Because the deadline set forth in Rule 4 does not apply to service in a foreign country and the United States has been diligently attempting to serve the defendant, the case should not be dismissed if the United States is unable to serve the defendant within 90 days of filing the complaint.

**Factual Background**

Prior to filing the instant case, the United States corresponded with the defendant through email to attempt to reach a resolution regarding his unpaid penalties for failing to comply with the foreign bank account reporting requirements. After it became clear that a resolution could not be reached, on September 22, 2017, the United States filed its complaint. Docket No. 1. On September 27, 2017, the United States sent a request for waiver of service to the defendant.

Initially, the defendant refused to sign the waiver, claiming he did not understand it. Then, he emailed a photograph of a signed waiver form and did not respond to the United States' request that he send a copy of the form that could be filed with the Court.

On October 18, 2017, the United States sent a request for service of the complaint to appropriate authorities in Hong Kong pursuant to the Hague Convention. The United States has not yet received a response to its request.

## Argument

Generally, a defendant must be served with a summons and a copy of the complaint within 90 days of the date the complaint was filed. Fed. R. Civ. P. 4(m). The 90-day deadline, however, does not apply to service in a foreign country under Rule 4(f). *Id.*; *see also Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (finding that the explicit language of Rule 4(m) clearly shows that the time limit for service is inapplicable to service in a foreign country).

Under Rule 4(f), service of process can be made on an individual in a foreign country through internationally agreed methods of service, such as those authorized by the Hague Convention. Fed. R. Civ. P. 4(f)(1). In cases in which the Hague Convention applies, a plaintiff must comply with the Convention to effect service on a defendant. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). The Hague Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." *Id.* at 698. The central authority must then serve the documents through a method authorized under its local laws. *Id.* at 699.

The Hague Convention applies to Hong Kong. *See Willis v. Magic Power Co., Ltd.*, No. 10-4275, 2011 WL 66017, at *2 (E.D. Pa. Jan. 7, 2011) (describing the history of the application

of the Hague Convention to Hong Kong); *TracFone Wireless, Inc. v. Unlimited PCS, Inc.*, 279 F.R.D. 626, 628 (S.D. Fla. 2012). Service in Hong Kong through the Hague Convention generally takes three to four months. https://www.hcch.net/en/states/authorities/details3/?aid=393 (last visited Dec. 12, 2017); *Suntech Power Holdings Co., Ltd. v. Shenzhen Xintian Solar Technology Co., Ltd.*, No. 08-cv-01582, 2008 WL 11337501 (S.D. Cal. Sept. 12, 2008).

The exception to the time limit in Rule 4(m) for effecting service takes into account the fact that service in a foreign country is complex, time consuming, and frequently out of the plaintiff's control. *Nylok*, 396 F.3d at 807; *see also Pennsylvania Orthopedic Ass'n v. Mercedes-Benz A.G.*, 160 F.R.D. 58, 61 (E.D. Pa. 1995). The United States is required to serve the defendant through the procedures set forth in the Hague Convention, because he did not adequately waive service and he resides in Hong Kong. The United States sent a request for service to the Hong Kong authorities less than two months ago. It is likely that it will take another couple months for service to be effected. Because the time deadline for service does not apply to service in a foreign country and the United States is diligently pursuing effecting service through the Hague Convention, the complaint should not be dismissed.

//

//

**Conclusion**

For the foregoing reasons, the above-captioned civil action should not be dismissed if the defendant has not been served within 90 days of the date the complaint was filed.

Date: December 12, 2017

                                        RICK A. MOUNTCASTLE
                                      United States Attorney

                                        DAVID A. HUBBERT
                                        Deputy Assistant Attorney General

                                        /s/ *Katherine M. Reinhart*
                                        KATHERINE M. REINHART
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Washington, D.C. 20044
                                        202-307-6528 (v)
                                        202-514-6866 (f)
                                        Katherine.Reinhart@usdoj.gov

CERTIFICATE OF SERVICE

I certify that the foregoing *United States' Response to Notice Regarding Service of Process* was filed through the Court's CM/ECF filing system on December 12, 2017, that a copy will be served on the defendant following service of the summons and complaint.

s/ <i>Katherine M. Reinhart</i><br>
KATHERINE M. REINHART