CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 23 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:17CV441 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOHN MARSTELLER, ) | By: Glen E. Conrad |
| ) | Senior United States District Judge |
| Defendant. ) | |

This case is presently before the court on plaintiff United States of America's motion for alternate service of process under Rule 4(f)(3) of the Federal Rules of Civil Procedure. The United States requests an order authorizing service by email on defendant John Marsteller, who currently resides in Hong Kong. For the reasons stated below, the motion will be granted.

### Background

The United States has assessed penalties against Marsteller for failing to comply with certain reporting requirements regarding his foreign bank accounts. In an attempt to enter into an agreement governing the payment of those penalties without the need for a collection action, the United States contacted Marsteller by email at marsteller@tsleag.com and by letter sent to Marsteller's Hong Kong address. Dkt. No. 5-2. A week later, Marsteller mailed a letter to the United States, explaining that he could not pay the penalties assessed against him. Dkt. No. 5-3. The United States responded in an email requesting certain financial information to determine Marsteller's ability to pay the assessed penalties. Dkt. No. 5-4. Marsteller then responded by email and mail, restating his position that he did not have the ability to pay the penalties. Dkt. No. 5-5.

The United States then filed this lawsuit on September 22, 2017, and sent a request for waiver of service of summons by email and mail to Marsteller. Dkt. No. 5-6. Marsteller emailed the government an unclear photograph of the signed waiver, but did not respond to a request to provide a copy of the waiver. See Dkt. No. 5-7. The United States then submitted a request under the Hague Convention for assistance with service by the appropriate Hong Kong authorities. Those authorities processed the request, but were unable to serve Marsteller. Dkt. No. 5-8.

### Discussion

"[T]o serve process on an individual in a foreign country, a federal plaintiff must comply with both constitutional due process notice requirements and Rule 4(f)." Enovative Techs., LLC v. Leor, No. CIV. JKB-14-3956, 2014 WL 7409534, at *1 (D. Md. Dec. 24, 2014) (citing WhosHere, Inc. v. Orun, No. 1:13-cv-00526, 2014 WL 670817 (E.D. Va. 2014)). Due process requires a plaintiff to provide "notice [that is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Rule 4(f)(3) permits the court to direct service on an individual in a foreign country "by ... means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

The court concludes that service by email satisfies both the requirements of due process and Rule 4(f) in this case. The court is convinced that service by email is reasonably calculated to apprise Marsteller of the pending action and will afford him the opportunity to present his objections. Marsteller knows that the United States has initiated this action against him because the United States informed him of the action through email, and Marsteller responded by email

2

with a signed, albeit unclear, copy of a waiver of service of summons. Courts have permitted service by email where, as here, the defendant acknowledged the lawsuit in an email response. See Enovative Techs., LLC, 2014 WL 7409534, at *1 (permitting service by email when defendant acknowledged receipt of complaint by email).

In addition to Marsteller's demonstrated willingness to communicate by email, the court recognizes the United States' prior diligent efforts to effect service. The United States first attempted to resolve this matter without filing a lawsuit. See Dkt. No. 5-2. When those efforts failed, the United States attempted to serve Marsteller through the process established by the Hague Convention. The United States then attempted to secure a waiver of service of the summons. In light of Marsteller's knowledge of the lawsuit, evident use of his email address to communicate about the subject of the lawsuit, and the United States' diligence in ensuring actual notice of the lawsuit, the court finds that the United States' request to serve Marsteller by email comports with due process.

The court must now determine whether service by email is sufficient under Rule 4(f). Under Rule 4(f)(3), the court may order service by email unless an international agreement prohibits such a method of service of process. Because Marsteller resides in Hong Kong, the Hague Convention applies. Facebook, Inc. v. Banana Ads, LLC, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). Several courts have recognized that the Hague Convention does not prohibit service by email. Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co., No. 18-CV-00297-BAS-BGS, 2018 WL 1757776, at *1 (S.D. Cal. Apr. 11, 2018); Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC, 295 F.R.D. 259, 261 (S.D. Ohio 2013) (collecting cases holding the same). Accordingly, the court may direct service by email under Rule 4(f)(3).

The court further observes that the United States Supreme Court has adopted an amendment to Rule 5 of the Federal Rules of Civil Procedure, which will permit service by any electronic means to which a party has consented in writing. Although this amendment will not take effect until December 1, 2018, the rule confirms the growing recognition of the reasonableness of service by electronic means.

In sum, the court finds that service by email complies with both the requirements of due process and Rule 4(f) in this case. The court will therefore permit the United States to serve the complaint and summons on Marsteller by email.

## Conclusion

For the reasons stated, the United States' motion for alternate service will be granted. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 22d day of May, 2018.

_____
Senior United States District Judge