CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 25 2018

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil Action No. 7:17CV00441 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | Hon. Glen E. Conrad |
| JOHN MARSTELLER, ) | Senior United States District Judge |
| ) | |
| Defendant. ) | |

This case is presently before the court on the United States' motion for default judgment. For the reasons set forth below, the motion will be granted.

## Background

On September 22, 2017, the United States filed the instant action seeking to collect civil penalties assessed against the defendant, John Marsteller, for failing to report his interest in foreign bank accounts as required by the Bank Secrecy Act of 1970. See 31 U.S.C. § 5314. On May 22, 2018, the court authorized the United States to serve Marsteller via email. A summons and a copy of the complaint were served on Marsteller on June 11, 2018.

Marsteller failed to answer or otherwise defend the action within the time period permitted by the Federal Rules of Civil Procedure. On July 9, 2018, the Clerk filed an entry of default against Marsteller. Marsteller has not moved to set aside the entry of default, or otherwise appeared in any manner in this case. The United States has now moved for default judgment. The motion is ripe for disposition.

## Standard of Review

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step procedure for obtaining a default judgment. When a defendant fails to plead or otherwise defend an action, the

Clerk of Court is authorized to make an entry of default. See Fed. R. Civ. P. 55(a). After default is entered by the Clerk, a party may move for default judgment under Rule 55(b).

In reviewing a motion for default judgment, the court views all well-pleaded factual allegations in the complaint as true for purposes of liability. See Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); see also Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact[.]") (internal citation omitted). Consequently, in the default judgment context, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 187 F.3d 628, 1999 U.S. App. LEXIS 18633, at *2 (4th Cir. 1999) (unpublished table opinion).

If the facts alleged in the complaint are sufficient to establish liability, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780–81. The court may make a determination as to the amount of damages without a hearing if the record contains sufficient evidence to support the award. See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998) (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing").

## Discussion

The Bank Secrecy Act of 1970 was enacted "to require certain reports or records where they have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings." 31 U.S.C. § 5311. To accomplish this goal, the Act established reporting requirements for

transactions involving foreign financial agencies. 31 U.S.C. § 5314. "The provisions of the Act relating to foreign financial transactions resulted from the concern of Congress that foreign financial institutions located in jurisdictions having laws of secrecy with respect to bank activity were being extensively used to violate or evade domestic criminal, tax, and regulatory requirements." United States v. Clines, 958 F.2d 578, 581 (4th Cir. 1992) (citing Cal. Bankers Ass'n v. Shultz, 416 U.S. 21, 27 (1974)).

The Act authorizes the Secretary of the Treasury to promulgate regulations requiring citizens of the United States to keep records and file reports of transactions with foreign financial agencies. Id. (citing 31 U.S.C. § 5314). Under the applicable regulations, citizens who have a "financial interest in, or signature or other authority over, a bank, securities or other financial account in a foreign country" are required to "report such relationship to the Commissioner of the Internal Revenue Service for each year in which such relationship exists," and must "provide such information as shall be specified in a reporting form prescribed under 31 U.S.C. [§] 5314 to be filed by such persons." 31 C.F.R. § 1010.350(a).[1] The form prescribed to report the information required by § 5314 is the Report of Foreign Bank and Financial Accounts (TD-F 90.22.1), which is commonly referred to as an "FBAR." Id. An FBAR must be filed with the Internal Revenue Service on or before June 30 of each calendar year for foreign financial accounts that exceeded $10,000 during the previous calendar year. 31 C.F.R. § 1010.306(c).

The Secretary of the Treasury may impose a civil monetary penalty on any person who violates the reporting requirements under § 5314. 31 U.S.C. § 5321(a)(5)(A). The penalty for non-willful violations of the reporting requirements cannot exceed $10,000. Id. § 5321(a)(5)(B).

---

[1] The regulations applicable to reports of foreign financial accounts were formerly published at 31 C.F.R. §§ 103.24 and 103.27. They were recodified without material change in a new chapter effective March 1, 2011. See United States v. Williams, 489 F. App'x 655, 656 n.1 (4th Cir. 2012) (citing Transfer & Reorganization of Bank Secrecy Act Regulations, 75 Fed. Reg. 65806 (Oct. 26, 2010)). For ease of reference, the court's citations are to the recodified sections.

The authority to enforce such penalties has been delegated to the Internal Revenue Service. 31 C.F.R. § 1010.810(g).

In this case, the undisputed facts establish that Marsteller had a financial interest in foreign bank accounts that exceeded $10,000 during the 2008, 2009, 2010, and 2011 calendar years. However, for each of the years at issue, Marsteller did not timely file FBARs reporting his financial interest in the foreign accounts, as required by § 5314 and its implementing regulations.

In August of 2015, Marsteller signed an agreement with the Internal Revenue Service consenting to the assessment and collection of civil penalties in the amount of $10,000 per year for each of the four years at issue, for a total amount of $40,000. On January 19, 2016, the Internal Revenue Service issued the agreed-upon assessments against Marsteller. The following day, the Internal Revenue Service provided notice of the assessments and made a demand for payment. Since that time, Marsteller has failed to pay the assessments. As of August 1, 2017, the total balance owed to the United States, including penalties for late payment under 31 U.S.C. § 3171 and statutory interest, is $44,295.89.

By failing to answer the complaint, Marsteller is deemed to have admitted that he failed to report his interest in foreign bank accounts during the 2008, 2009, 2010, and 2011 calendar years, as required by § 5314 and its implementing regulations. Marsteller is also deemed to have admitted that he consented to the assessment of civil penalties totaling $40,000, that notice of the assessments and a demand for payment were issued to him, and that he has failed to pay the assessments. The court concludes that the government's allegations are sufficient to establish Marsteller's liability for the penalties assessed against him for the relevant period.

The court must next determine the amount of liability. The United States has submitted a sworn declaration from Nancy Beasley, the FBAR Penalty Coordinator with the Internal Revenue

Service, along with copies of the penalty assessment certification forms issued to Marsteller and an itemized list of the total amount due as of August 1, 2017, including late-payment penalties and interest.[2] These submissions establish that a combined total of $40,000.00 in civil penalties was assessed against Marsteller on January 19, 2016, and that the unpaid balance of the assessments, plus accrued interest and late-payment penalties, is $44,295.89 as of August 1, 2017. Marsteller has not disputed the validity of the assessments or the calculations made by the Internal Revenue Service. The court is convinced that the declaration and other exhibits provide a sufficient evidentiary basis for an award of damages in favor of the United States, and that no hearing is necessary. Accordingly, judgment will be entered in favor of the United States for the balance due as of August 1, 2017, plus statutory interest and penalties accruing thereafter until paid.

## Conclusion

For the reasons stated, the court will grant the United States' motion for default judgment against Marsteller. Judgment will be entered in favor of the United States and against Marsteller in the amount of $44,295.89, as of August 1, 2017, plus statutory interest and penalties accruing thereafter until paid.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 25th day of September, 2018.

_____
Senior United States District Judge

---

[2] The United States also submitted evidence demonstrating that Marsteller is not on active duty with the armed forces, thereby satisfying its requirements under the Servicemembers Civil Relief Act. See 50 U.S.C. App. § 521(b).

5